## Commonwealth v. Herzing

*John D. Gresimer, District Attorney*, for Commonwealth.

*Paul J. Quattrone*, for defendant.

GREINER, *P.J.*, June 13, 1979—Defendant appealed from a finding of guilty by Justice of the Peace Alvin E. Brown, Magisterial District 59-3-01, on three separate charges of violating The Game Law of June 3, 1937, P.L. 1225, as amended, 34 P.S. §1311.101 et seq., (1) shooting within 25 yards of a public road (34 P.S. §1311.807); (2) taking two deer over one season limit (34 P.S. §1311.505); and (3) possessing twelve untagged deer heads (34 P.S. §1311.708) with fines and costs of $41, $416 and $316 respectively. Disposition of the first two charges rests solely with the credibility of the witnesses and the weight to be given to their testimony.

The prosecuting game protector did not personally observe these two alleged violations but issued the citations on the basis of information furnished him by one Paul Travis after Travis had been cited for violation of The Game Law the same day of defendant's alleged violations. This fact alone does not necessarily discredit the witness' testimony but other factual matters such as the topography of the area as it relates to location of the parties involved and the opportunity for clear and precise observation shrouds his entire version of the incident with a heavy cloud of doubt. Also other areas of conflicting testimony of the Commonwealth's witnesses which are difficult to rationalize, include the type of clothing defendant was wearing, color of truck he was operating and amount of surface snow in the vicinity. We are thus compelled to hold that

the Commonwealth has not met its burden of proving defendant guilty of these violations beyond a reasonable doubt.

With respect to the third citation, disposition must be made on the law as applied to the undisputed fact that defendant had in his possession, in boxes in the rear of his pick-up truck, 12 deer heads together with legs and other disposable scraps, the heads being without tags. The Commonwealth does not deny that at the time defendant explained that he and his family were in the seasonal part-time business of dressing, processing and packaging deer left with him by other hunters, that each owner of the carcass paid defendant for his services and that he had the heads and other remnants in his truck in order that he might dispose of them on land he owned in the general vicinity. It is further not denied that defendant also requested that the game protector go with him to his residence where he had a record of each person who had killed a deer and left it with him for processing along with the respective tags.

Section 708 of The Game Law imposes upon "Each person *killing* a deer" (emphasis supplied) a duty to attach the supplied tag within a designated time and also to report same by mailing the other portion to the commission at Harrisburg within five days following the *killing* of such deer. It further provides that "The deer tag shall remain attached to the head of the deer." We can only accept defendant's explanation as being truthful and accurate as the Commonwealth offered no proof whatsoever that defendant was the person who *killed* any of the deer. He not being the "person killing a deer" he had no legal obligation to attach a tag or to have a

tag remain on the head of a deer, and any common sense interpretation must recognize that the tag will not remain on the head of the deer forever, whether mounted in the successful hunter's lodge or den or disposed of as these were intended to be, and as the Game Commission actually did, as garbage. Under these circumstances the Commonwealth clearly failed to prove defendant guilty of violating section 708.

We therefore make the following

## ORDER

Now, June 13, 1979, for the foregoing reasons it is ordered and decreed that all of said charges are dismissed and defendant is found not guilty with costs on the County of Cameron.